IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSEPH ANTHONY REYNA,<br>　　　　　Plaintiff,<br>V.<br><br>SOCIAL SECURITY<br>ADMINISTRATION,<br>　　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | A-25-CV-1293-ADA-ML |

### ORDER ON *IN FORMA PAUPERIS* STATUS AND
### REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS

TO THE HONORABLE ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE:

The Magistrate Judge submits this Report and Recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the court is Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 3). Because Plaintiff is requesting permission to proceed *in forma pauperis*, this court must review and make a recommendation on the merits of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e).

**I.　REQUEST TO PROCEED *IN FORMA PAUPERIS***

The court has reviewed Plaintiff's motion and determined Plaintiff is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the court hereby **GRANTS** Plaintiff's request for *in forma pauperis* status. The Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28

1

U.S.C. § 1915(e). Plaintiff is further advised, although Plaintiff has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this court has made a § 1915(e) review of the claims made in this complaint and is recommending Plaintiff's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendant should be withheld pending the District Judge's review of the recommendations made in this Report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendant.

    II.        REVIEW OF THE MERITS OF THE CLAIM

    A.        **Factual Background**

Reyna purports to bring this action against the Social Security Administration under Federal Rule of Civil procedure 27(a). That Rule allows discovery before an action is filed, stating:

> (a) Before an Action Is Filed.
>     (1) *Petition.* A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony. The petition must be titled in the petitioner's name and must show:
>     (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
>     (B) the subject matter of the expected action and the petitioner's interest;
>     (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
>     (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
>     (E) the name, address, and expected substance of the testimony of each deponent.

FED. R. CIV. P. 27(a). Reyna seeks:

limited discovery for preservation of the following:

  o Internal call-routing logs, scoring models, and metadata surrounding system delays;
  o AI or vendor tools used in claim suppression, fraud scoring, or queue triage;
  o Internal communications and solvency data affecting COLA messaging and retirement timelines;
  o Whistleblower complaints, staff refusals to process valid claims, or any acknowledged procedural failures;
  o Any outsourcing agreements with vendors controlling automated systems, identity verification, or appeals routing.

Dkt. 1 at 5-6.

### B. Standard of Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the court is required by statute to review the Complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 20–21 (1972). However, *pro se* status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

3

### C. Discussion

Reyna has failed to satisfy the requirements of Rule 27(a). First, he does not seek to compel the deposition of anyone. He does not identify any proposed deponent, nor does he describe the expected testimony of any proposed deponent. He does not explain what suit he wants to bring and why he cannot bring it now. He does not describe the facts he seeks to establish by the proposed testimony. As his petition does not satisfy Rule 27(a), it is frivolous and the undersigned recommends it be dismissed with prejudice.

## III.   OTHER MOTIONS

Reyna's motion for in forma pauperis status also seeks the appointment of counsel, preservation of electronically stored information, judicial notice, and expedited review and a status conference. Because Reyna's petition is frivolous, the court **DENIES** the remainder of this motion.

## IV.   ORDER AND RECOMMENDATIONS

The Magistrate Judge hereby **GRANTS** Plaintiff's motion to proceed *In Forma Pauperis* but **DENIES** that motion in all other respects (Dkt. 2). The Magistrate Judge **RECOMMENDS** the District Judge **DISMISS WITH PREJUDICE** Plaintiff's Rule 27(a) petition pursuant to 28 U.S.C. § 1915(e)(2)(B).

The referral of this case to the Magistrate Judge should now be **CANCELED**.

## V.   WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

SIGNED September 8, 2025.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE